UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MICHAEL ANTHONY LINDSEY,

          Petitioner,

v.

STATE OF MINNESOTA,

          Respondent.

Civil No. 08-6299 (PJS/AJB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In February 2007, Petitioner was convicted in the state district court for Hennepin County, Minnesota, for "second degree assault, dangerous weapon, [and] terroristic threaths [sic]." He was sentenced to 68 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Faribault, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-5.)

After Petitioner was convicted and sentenced, he filed a direct appeal that raised two

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

claims: (1) the trial court misapplied a state statute, (Minn.Stat. § 634.20), which governs the admissibility of evidence showing other instances of misconduct by a criminal defendant; and (2) the prosecutor made certain remarks during closing arguments that constituted prosecutorial misconduct.  Both of those claims were rejected on the merits by the Minnesota Court of Appeals.  State v. Lindsey, 755 N.W.2d 752 (Minn.App. 2008).

Petitioner subsequently filed a petition for further review in the Minnesota Supreme Court, which raised only one claim – the "evidence of prior misconduct" claim that was previously presented to the Court of Appeals.  (Petition, p. (3), ¶ 9(e)(4).)  Petitioner's request for further review was denied on October 29, 2008.  (Id., ¶ 9(e)(4).)

The present federal habeas corpus petition lists four grounds for relief.  In Grounds One and Two, Petitioner contends that the prosecution failed to disclose certain evidence that allegedly could have aided his defense.  In Ground Three, Petitioner contends that he was deprived of his constitutional right to effective assistance of counsel.  Ground Four is a claim based on the Fourteenth Amendment's due process clause.  This claim, repeated verbatim and in its entirety, is as follows: "I never was giving [sic] the chance to challenge the states [sic] evidence, or was the proper process follow [sic] to prosecute me."  (Petition, pp. (5) - (6), ¶ 12.)

The Court finds that Petitioner's current habeas corpus claims cannot be entertained at this time, because he has not fairly presented any of his claims to the Minnesota state courts.  Therefore, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added).  Thus, in order to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

A federal habeas claim is not exhausted unless the constitutional dimension of the claim has been fairly presented to the state courts.  As the Supreme Court pointed out in Duncan, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  513 U.S. at 365-66.  In other words, if a state prisoner claims "that his incarceration violates federal law, 'he must say so, not only in federal court, but in state court.'"  Wyldes v. Hundley, 69 F.3d 247, 251 (8th

3

Cir. 1995), cert. denied, 517 U.S. 1172 (1996), quoting Duncan, supra.

In this case, Petitioner's habeas corpus petition shows that none of his current claims for relief has ever been fairly presented to, or addressed by, the Minnesota Supreme Court. Indeed, it appears that Petitioner's current claims for relief have never been raised in any state court. Because Petitioner has not fairly presented his claims to the state courts, he has not satisfied the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims should have been previously raised on direct appeal. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims (if any) are barred by the state's procedural rules.[2]

---

[2] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or new evidence proving Petitioner's "actual innocence." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

Because Petitioner has failed to exhaust his state court remedies for any of the four claims listed in his current petition, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  It will be recommended that the action be dismissed without prejudice, however, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims.[3]  Petitioner may return to federal court -- if necessary -- after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the federal constitutional claims that he seeks to raise in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: December 12, 2008

 s/ Arthur J. Boylan

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 30, 2008.

---

[3] If Petitioner pursues this option, he should keep in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (if relief is not granted by the trial court).  As the Court has already pointed out, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added).